IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 4:06cr5 |
| | : | |
| COURTNEY OMAR BOYD, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

By Indictment handed up on January 11, 2006, a Grand Jury sitting in the Eastern District of Virginia charged defendant Courtney Boyd,[1] inter alia, with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 5 grams or more of cocaine base ("Count Two"), conspiracy to engage in money laundering transactions ("Count Three"), and using a communication facility to engage in the commission of a crime ("Count Twelve"), in violation of 18 U.S.C. § 1956 and 21 U.S.C. §§ 843 & 846. Following his arrest, defendant Boyd had a pretrial detention hearing in front of the Honorable Barry L. Seltzer, United States Magistrate Judge for the Southern District of Florida. Following a lengthy hearing, the court granted the

---

[1] Counsel for the defendant urges that, although his client has used the name "Courtney Boyd," the defendant's real name is "Courtney Boyne." However, because the defendant was indicted as Courtney Boyd, the Court will continue to refer to him by that name.

United States' motion to detain Boyd pending trial. Defendant Boyd now appeals[2] the court's decision. For the reasons set forth herein, the decision of the Magistrate Judge is **AFFIRMED**.

### Legal Standards

A district court reviews a Magistrate Judge's ruling on pretrial detention de novo. United States v. Williams, 753 F.2d 329, 331 (4th Cir. 1985). However, the district court need not conduct a new pretrial detention hearing; rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel. Id. at 331 & n.7; 18 U.S.C. § 3142(f).

Under the Bail Reform Act, release pending trial is warranted unless there exists no condition or combination of conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); see also id. § 3142(g) (setting forth factors to be considered when determining whether the defendant poses a risk of flight or danger to other). The

---

[2]Both the Appeal and the subsequent Notice of Filing Transcript (Docket Nos. 68 & 69) were filed subject to defect due to the lack of endorsement by local counsel. Counsel for defendant Boyd are reminded of Local Crim. R. 57.4(D)(3) & 57.4(F), which mandates that any pleading filed with this Court must be signed by an attorney admitted to practice in this Court. The Clerk is **DIRECTED** to docket those submissions without defect.

government typically must present clear and convincing evidence of risk of flight or future dangerousness to warrant pretrial detention. Id. § 3142(f). However, detention is presumptively appropriate if the Grand Jury charges the defendant with a crime for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Id. § 3142(e); United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1987); United States v. Contreras, 776 F.2d 51, 55 (2d Cir. 1985). In such a case, the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case. United States v. Dillon 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Hare, 873 F.2d 796, 798 (5th Cir. 1989). If the defendant successfully rebuts the presumption, the burden returns to the government to prove by a preponderance of the evidence that detention is nevertheless warranted. 18 U.S.C. § 3142(f).

## Analysis

Defendant Boyd attacks the Magistrate Judge's detention ruling on both the process and the merits. With regard to the process, counsel for defendant Boyd states,

> Magistrate Judge Seltzer failed to include even cursory factual findings as required by Rule 9(a), FRAP that could assist the Defendant and/or this Court in determining a reason why the Government's request for

3

> pre-trial detention was granted by Judge Seltzer.
> Neither a written opinion nor a transcript of any oral
> opinion is available to explain why Magistrate Judge
> Seltzer denied Mr. Boyd's request for bond.

(Def.'s App. Br., Docket No. 68, at 6.)[3] This statement is simply untrue. Magistrate Judge Seltzer issued an eight-page Detention Order the day after the detention hearing. (Docket No. 9.) His Order sets forth in great detail his reasons for ordering that defendant Boyd be detained pending trial. His reasoning is supported by the 158-page transcript of the detention hearing. Thus, Boyd's claim that he is unable to determine the reasons behind Magistrate Judge Seltzer's ruling is without merit.

With regard to the substance of whether defendant Boyd should be detained pending trial, the Court **FINDS** that pretrial detention is warranted. The drug conspiracy charged in Count Two carries a mandatory minimum sentence of ten years and a maximum sentence of life. 21 U.S.C. §§ 841(B)(1)(a) & 846. Thus, for purposes of defendant Boyd's pretrial detention, there is a presumption that no condition or set of conditions exists that

---

[3]Counsel's reliance upon Federal Rule of Appellate Procedure 9(a) and the associated case law is misplaced. Rule 9(a), by its very terms, governs appeal of a district court's pretrial detention ruling to a court of appeals. For instance, if counsel wishes to appeal this Court's decision to the Fourth Circuit, Rule 9(a) would then become relevant. The findings and explanations required in a magistrate judge's detention order can be found at 18 U.S.C. § 3142(i) ("Contents of detention order").

could reasonably assure the defendant's appearance for trial or the safety of the community.  18 U.S.C. § 3142(e).

The evidence adduced at the pretrial detention hearing[4] is not sufficient to rebut the presumption.  Defendant Boyd established that he has a wife and family in Miami, and that he has been in the country for 18 years.[5]  This evidence, however, is outweighed by the following facts.  Defendant Boyd is implicated by multiple witnesses and documentary evidence in an extremely large drug importation and distribution conspiracy.  He originally hails from Jamaica, and still has a valid Jamaican passport.  Because his application for naturalization was denied due to his criminal history, Boyd would be subject to deportation if convicted of the present charges.

Moreover, the evidence showed that Boyd was untruthful to Pretrial Services.  He failed to disclose the fact that he owned a second home.  He also reported that his net worth was approximately $55,000, yet the Government seized approximately $70,000 from Boyd's bank accounts.  The Government also found approximately $60,000 in cash underneath Boyd's bed.  The money was mostly in small denominations.  Boyd claimed that this money was for use in his occupation of buying and selling cars, yet he

---

[4]All references to evidence derive from the Transcript of the September 27, 2006 detention hearing.  (Docket No. 69.)

[5]Boyd entered the United States illegally, but subsequently attained legal resident alien status.

reported to Pretrial Services that he was employed as a vice-president of a housing company. However, law enforcement agents would testify that Boyd never left his house during business hours over several days of surveillance.

The evidence also showed that Boyd had been operating under multiple aliases and social security numbers, though Boyd asserts that this is just the result of several clerical errors over the years. Finally, Boyd has a lengthy criminal record, and several of his convictions are for crimes of violence or involve weapons.

Viewing the evidence as a whole, the only uncontroverted evidence cutting in defendant Boyd's favor is the fact that he has longstanding family ties in Miami. The significance of these ties diminishes in light of the fact that the trial of this case will take place in Norfolk, Virginia. The weight that should be accorded these ties is further eviscerated by Boyd's criminal history, his immigration status, his inconsistent statements to Pretrial Services, the dubious origins of the cash under his bed, and the inconsistencies in his employment status, as well as the serious nature and potential consequences of the alleged crimes.

## Conclusion

For the reasons stated above, the Court, having conducted a <u>de</u> <u>novo</u> review of the record, **AFFIRMS** the Magistrate Judge's ruling on pretrial detention. All conditions set forth in the Magistrate Judge's Detention Order (Docket No. 9) remain in place.

The Clerk is **DIRECTED** to file Docket Nos. 68 & 69 without defect. The Clerk is further **DIRECTED** to forward a copy of this Order to all counsel of record and to the Honorable Barry L. Seltzer, United States Magistrate Judge for the Southern District of Florida, Miami Division.

It is so **ORDERED**.

                                    /s/ Walter Kelley
                                    Walter D. Kelley, Jr.
                                    UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 9, 2007